IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cv-81106-KLR

| | |
|---|---|
| MAMMA MIA'S TRATTORIA, INC., a Florida corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE ORIGINAL BROOKLYN WATER BAGEL CO., INC., a Florida corporation, | ) ) ) ) ) |
| Defendant. | ) ) |

## AMENDED COMPLAINT FOR VIOLATION OF 35 U.S.C. §292 AND FOR DECLARATORY JUDGMENT

Plaintiff, MAMMA MIA'S TRATTORIA, INC., a Florida corporation (hereinafter "Mamma Mia's" or "Plaintiff"), files its Amended Complaint against Defendant, THE ORIGINAL BROOKLYN WATER BAGEL CO., INC., a Florida corporation (hereinafter "OBWB" or "Defendant"), and alleges as follows:

1.  This is an action for violation of the False Patent Marking Statute, codified at Title 35, Section 292 of the United States Code, and for a declaratory judgment pursuant to Title 28, Section 2201, *et seq.* of the United States Code, the Declaratory Judgment Act, for which this court has original subject matter jurisdiction.

2.  OBWB has violated 35 U.S.C. §292(a), by knowingly, willfully, and purposely using the word "patent" in advertising for over a year in connection with the use, sale or offer for sale of unpatented articles, as well as other words in advertisements imparting that OBWB had exclusive rights to, and owned, a "patented 14 stage water treatment process", a "patented 14 stage water treatment system" and/or "patented technology" to replicate Brooklyn, New York

1

water at any location in the world; and, further, that it used and sold food products and articles advertised and sold to the public as "patented water" and "patented coffee cubes" from a "patented water treatment technology process [system]", and/or "patented technology", for the purpose of deceiving the public, deceiving public investors, and to deter competition within the food industry, such as to allow the Defendant to raise capital from seed investors who were duped into believing that OBWB had exclusive rights to its water treatment system that were granted and protected by the patent laws of the United States.

3.  Mamma Mia's seeks an award of monetary damages against OBWB, one half of which shall be paid to the United States pursuant to 35 U.S.C. §292(b). In addition, Mamma Mia's seeks a declaratory judgment that OBWB has no patents, rights to patents, or any claim of exclusivity to its water treatment process, its water, its ice cubes, or the water used in its food products, that it is guilty of inequitable conduct, and that it violated, or attempted to violate, the antitrust laws of the United States.

## THE PARTIES

4.  MAMMA MIA'S TRATTORIA, INC. ("Mamma Mia's) is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Lake Worth, Florida. It owns and operates a highly-successful Italian restaurant and pizzeria in Palm Beach County that has earned the reputation for outstanding Italian cuisine within its community.

5.  THE ORIGINAL BROOKLYN WATER BAGEL CO., INC. ("OBWB"), is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Delray Beach, Florida. To date it has operated one restaurant in Delray Beach, Florida since August 2009, specializing primarily in the sale of bagels and bottled water,

but OBWB also claims to have sold franchises throughout the United States with locations opening shortly in other locations in Florida and in California.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §1391(b), which provides that a defendant may be sued where it resides or where the events giving rise to the claim arose. OBWB resides in this judicial district and offers and advertises its products for sale in this district, and said products are in fact advertised and sold in this district.

8. Mamma Mia's brings this action under 35 U.S.C. §292(b), which provides that any person may sue for civil monetary penalties for false patent marking, as well as for ancillary relief under the federal Declaratory Judgment Act.

## GENERAL ALLEGATIONS

9. OBWB falsely claims to the public and advertises in interstate commerce that it makes, uses and sells bagels and other food products, including bottled water, which are unique and exclusive to any other manufacturer or seller because they derive from a "patented 14 stage water treatment process" or "patented 14 stage water treatment system" that replicates Brooklyn, New York water, allegedly creating bagels, bottled water, and water for other products identical to those made, used and sold in Brooklyn, New York.

10. 35 U.S.C. §292(a) provides disjunctively that it may be violated, *inter alia*, by either (1) imitating the mark of a patentee, (b) falsely marking an article, (c) affixing to an article, or (d) advertising in connection with any unpatented article, the word "patent", "patent applied for", or "patent pending".

11. For example, but by no means inclusive, the following representations have been made in advertising in connection with OBWB's articles and products on the internet in interstate commerce:

(a) on OBWB's website at brooklynwaterbagels.com:



(b) on YouTube at http://www.youtube.com/watch?v=QhKlJOnX5pE, wherein the narrator states, "[w]e even bottle our own *patented water*";

(c) on a sign on its water treatment apparatus on public display in its Delray Beach restaurant: *"Patented 14 Stage Water Treatment System"* and also widely

4

advertised on the internet (see 10(a));

(d) on Twitter at http://twitter.com/BrooklynBagel: "We produce fresh bagels made with replicated Brooklyn water from *patented technology*";

(e) on its menus distributed to induce food and beverage purchases that its hot and cold beverages are created with a "14-stage patented water treatment process", as follows:



A version of the OBWB menu with the word "patented" is also on display on its website and available for downloading. The paper versions of the menu are readily available for pick-up within the store and are routinely placed in bags of take-out orders, including purchases of bagels by the dozen.

(f) on its Menu Board in its restaurant:



(g) on a video on its internet website that it makes and sells "patented coffee cubes";



(h) on a video posted on OBWB's website and YouTube wherein Steven Fassberg, CEO of OBWB ("Fassberg") states that OBWB bottles patented water "exclusively";

(i) on a video posted on OBWB's website wherein Fassberg states that all of OBWB's food products and bottled water derive from a patented 14 stage process that OBWB "owns";

(j) in dozens of press releases and other advertising as summarized in the Chart attached hereto as Exhibit "A".

12. OBWB's advertising and marketing claims that "it's all about the water" and "the healthy taste of New York in a bottle" derive from its false claims of owning "patented water treatment technology" or "patented 14 stage water treatment process [system]" and that it sells "patented water" and "patented coffee cubes" (the "false claims"). These false claims are integral to OBWB's public advertising and marketing campaign, its ability to claim it sells superior "Brooklyn bagels" and other food products to the consuming public, its sale of bottled water, its raising of capital from investors, and its plan to sell hundreds of lucrative franchises nationwide in the next two years.

13. The false claims are knowingly, purposely and willfully being asserted and condoned by OBWB to support and give credence to OBWB's claim that it alone has the exclusive capability to make Brooklyn water at locations outside New York, which is false. OBWB intentionally ties its sale of bagels, bottled water, and other food products to its false claims regarding its ownership of patents that claim a "patented 14 stage water treatment process [system] [technology]" or "patented water [coffee cubes]".

14. Although the patented technology claims may be actually designed primarily as

7

marketing gimmicks, they nonetheless are literally false because OBWB neither owns nor holds any patents whatsoever as recognized by the official records of the United States Patent and Trademark Office ("USPTO").

15. OBWB has falsely used the word "patent" and other words of similar import in connection with its sales in interstate commerce of millions of articles and products, including bagels, other baked or cooked food goods that it has sold and still sells, coffee, beverages, and self-bottled water, all of which are advertised with false words imparting that OBWB has a patented process, a patented system or patented technology for the purpose of deceiving the public in hundreds, if not thousands, of advertising media, including press releases, newspaper advertisements, magazine advertisements, promotions in television and radio media, Facebook, MySpace, Twitter, OBWB's website, its menus, as well as other commercial media locations throughout the internet.

16. Prior to the filing of this litigation, after demand was made for identification of the patents that OBWB claims support its false patent advertising claims, OBWB informed Plaintiff that although it "technically" did not own any patents, it nonetheless was entitled to claim exclusive patent rights pursuant to a May 2009 equipment distribution agreement with Aquathin Corp., and that somehow OBWB thus could claim it "owned" patented technology that made patented water. However absurd such a claim, in fact the identified Aquathin Corp. patents involved five expired patents, one impertinent utility patent and two impertinent design patents, none of which claim a "14 stage water treatment process [system]", as follows:

| Patent No. | Type | Substance of Claims | Expired |
|---|---|---|---|
| 4,759,844 | Utility | Miniature portable water purification system | YES-2008 |
| 4,856,559 | Utility | Faucet providing and utilizing air gap | YES-August 15, 2005 (17 yrs. from date of issue) |

| Patent No. | Type | Substance of Claims | Expired |
|---|---|---|---|
| 4,925,551 | Utility | CIP of '844 patent with addition of an electronic memory assembly | YES-July 26, 2005 pursuant to disclaimer |
| 5,147,533 | Utility | Combination of water filtration devices mounted in the slot underneath a dual tub "kitchen sink" | YES-September 15, 2009 |
| D364,672 | Design | Ornamental design of countertop water purification unit | YES |
| D377,081 | Design | Ornamental design of a water treatment cabinet | NO-(expires December 31, 2010) |
| D551,736 | Design | Ornamental design of water purification unit | NO (expires 2021) |

See Exhibit "A" attached to the original Complaint (Doc. 1-1). Significantly, none of the Aquathin patents claim a process for re-mineralization of purified water in order to replicate the mineral content of New York water or any 14 stage water treatment process. The Aquathin "distribution agreement" in fact relates to a "purification system" device that Aquathin Corp. commercially sold and distributed prior to June 2009, called "Ultra Purified Water And Ice To Go With Monitor", which consists of pretreatment equipment, a tank, controllers and sensor, and a reverse osmosis deionization unit, all of which are either unpatented or have expired patents, and none of which relate to a re-mineralization of water with minerals unique to the boroughs of New York.

17.   OBWB has also prominently advertised that it is soliciting franchisees from the public to which it plans to distribute its falsely-claimed patented technology, as well as investors such as famed CNN talk show host Larry King, who OBWB currently widely advertises will be opening a franchise in Beverly Hills, California in November 2010.

18. OBWB is a close corporation owned and managed by individuals who are sophisticated, knowledgeable, and experienced in business and legal matters pertaining to franchises, restaurants, and intellectual property matters, including whether it is permissible for a company to represent that it has a patent when that is factually inaccurate. Included in OBWB's advisory board are lawyers, lawyers who hold patents, scientists with Ph.D. degrees in "hard science", and individuals with decades of experience in fast-food franchises, as well as the inventor of the above-referenced Aquathin patents, Alfred "Alfie" Lipschultz, who has decades of learned experience in the water treatment technology art. Attached hereto as Exhibit "B" is the page from OBWB's website showing the CVs of its "Executive Team and Advisory Board".

19. OBWB, by and though its officers, employees, agents and authorized representatives, has willfully and knowingly violated 35 U.S.C. § 292 since at least September 2009, when OBWB disclosed to William Maxakoulis that the principals of OBWB "all knew" that OBWB had no patent to its claimed water treatment technology. Furthermore, no one, and in particular sophisticated businessmen, could reasonably believe that patent rights, for which the government grants a monopoly for a limited period of time, could emanate from another company's expired patents or patents that do not read on the claimed patented technology for replicating the mineral content of Brooklyn, New York water. Thus, in violation of 35 U.S.C. §292, OBWB has in the past and currently uses in advertising, or causes to be used in advertising, in connection with the use, sale or offer for sale of an unpatented article sold or used in the United States, the words "patent" or a word imparting that an article is "patented" or subject to the protection of the United States patent laws, for the purposes of deceiving the public. The conduct constitutes a gross abuse of the patent laws and is blatantly anti-competitive.

20. OBWB has made its false claims with the purpose and intent to deceive. Attached hereto as Exhibit "C" is the Declaration of William Maxakoulis, an original investor in OBWB, and the factual statements therein are incorporated herein as allegations of specific intent. OBWB's intent to deceive the public originated with a motivation to induce investors, such as William Maxakoulis, to invest start-up capital in OBWB with the representation that OBWB's technology for allegedly replicating Brooklyn, New York water, was protected by a patent granted by the United States government, which thereby provided exclusive rights to the process for twenty years so as to prevent any competitors from exploiting the claimed exclusive technology. Thereafter, following the opening of OBWB's store in Delray Beach and OBWB's announced plans to offer franchises to the public, the same false claims were continued in a massive advertising campaign designed to generate the public belief that OBWB alone had a unique water treatment system protected by a United States granted patent, which thereby gave it exclusive rights in the marketplace and thus deceived the public into believing that OBWB had a singularly unique water treatment system, which it now falsely calls its "Proprietary Concept".

21. In fact, but never disclosed by OBWB to the public, numerous other food-service companies in the United States have been advertising, well before OBWB did, that they make in-house New York water in their restaurants, including Grimaldi's Pizzeria, with locations in Arizona, Nevada and Florida, and New York Pizza Department (Ziegler Bros.) of Arizona, since at least 2000. OBWB was actually notified of these prior uses by the USPTO on July 27, 2010, when its trademark application for "Original Brooklyn Water Pizza Company" was rejected by a USPTO final office action. Attached as Exhibit "D" is a copy of that rejection (sans exhibits). Deceiving the public in its advertising in connection with its unpatented articles, including bagels and its bottled water, was essential to OBWB maintaining the false facade that it was the first to

make New York water in a restaurant not located in New York, and that is why it was forced to file sham litigation against Mamma Mia's, despite knowing that its claims to being the first to successfully replicate New York water offsite were false.

22. Despite actual knowledge of the falsity of its advertising claims, even after being put on notice of the grounds for these claims, OBWB continues to make and publish its false claims in bad faith, which are deleterious to commerce by deterring invention, entrepreneurship, and innovation in the development of the existing water technology to achieve superior water treatment for the benefit of the public. In addition, OBWB has spitefully and maliciously sought to harm Mamma Mia's by threatening sham litigation against Mamma Mia's wherein OBWB perpetuates its false claims, including allegations that:

> BROOKLYN WATER is a national, quick serve, franchise company, specializing in the creation and sale of an authentic New York/Brooklyn water bagel by replicating New York water through the use of a 14 step patented, water treatment process ("Proprietary Concept").

See paragraph 20 of state court amended complaint attached to the original Complaint as part of composite Exhibit "D" (Doc. 1-4).

23. The United States of America has been injured in fact because its patent system has been misused by OBWB, which has sought to deter innovation, entrepreneurship and competition to the disadvantage of the public.

24. Mamma Mia's was sold a water filtration system in April 2010 by Famous New York Baking Water Company, which water filtration system was composed of components manufactured and sold by third parties, and all of which are readily commercially available for purchase and all of which are manufactured by third-parties, and some of which bear third-party patent numbers. None of the equipment purchased by Mamma Mia's was made or sold by either

OBWB or Aquathin Corp., nor was it sold or installed by OBWB or Aquathin Corp. Mamma Mia's has suffered, and will likely to continue to suffer, competitive injury due to OBWB's false claims because OBWB seeks through its assertion of false claims and sham litigation to deter or prevent Mamma Mia's from using a water treatment apparatus that it was sold in order to attempt to emulate New York water in its baking, and in particular in making its pizza crust, for the benefit of its customers and the public.

## COUNT I: VIOLATION OF 35 U.S.C. §292(a)

25. Mamma Mia's realleges paragraphs 1 to 24 as if fully set forth herein.

26. OBWB violated 35 U.S.C. §292(a) by using in advertising, or causing to be used in advertising, in connection with its unpatented articles, with the word "patent", "patented", or words of similar import.

27. OBWB, by and through its agents and representatives, acted with an intent to deceive, i.e., a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true.

## DAMAGES

28. Each false marking in advertisements in interstate commerce is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products, stifling competition, and deterring innovation and entrepreneurship.

29. OBWB's false advertising of its products as protected by patents before the issuance of patents in connection with selling and distributing its products in interstate commerce, including use of the internet and the distribution of franchise materials throughout the United States, has wrongfully quelled competition and innovation with respect to such products,

thereby causing harm to Mamma Mia's, the United States, and the public.

30.    Upon information and belief, OBWB has sold over 1,000,000 bagels or other articles or products and over 15,000 bottles of water based on its false use of the word "patent" or words of similar import in advertising in connection with unpatented articles, or other words falsely imparting that it had a patent, "patented technology" or "patented process", for the purpose of deceiving the public and deterring competition, and thus the likely damages for which OBWB are responsible in this action could likely exceed $1,000,000.00.

31.    OBWB has knowingly, willfully and egregiously used in advertising the word "patent" or the like with the purpose and intent to deceive the public.

## COUNT II: FEDERAL DECLARATORY JUDGMENT ACT

32.    Mamma Mia's realleges paragraphs 1 to 24 as if fully set forth herein.

33.    There is an actual case and controversy between Plaintiff and Defendant over whether OBWB has valid patents rights or other intellectual property rights that deter or prevent Mamma Mia's from engaging in its business and selling pizza and other food products to the highest possible standards and to the satisfaction of its customers.

34.    OBWB has threatened Mamma Mia's with sham litigation based on its false claims that it has patents on a patented process for "replicating Brooklyn water" constituting an exclusive "proprietary concept". See composite Exhibit "D" attached to the original Complaint (Doc. 1-4).

35.    Pursuant to 28 U.S.C. §2201(a), Mamma Mia's seeks a declaration of its rights and obligations, and other legal relations with respect to OBWB's false claims, its alleged proprietary concept, its sham litigation, as well as Mamma Mia's rights to sell its pizzas and other food products in a marketplace free from false patent and advertising claims and claims of

exclusivity to "concepts".

36. Mamma Mia's seeks a declaration that it may lawfully use its water treatment apparatus irrespective of OBWB's false and sham claims, and sell pizza and food that use a water treatment process attempting to emulate water used in New York to make pizzas.

37. Mamma Mia's also seeks a declaration that OBWB has engaged in patent misuse and other unfair and deceptive trade practices in order to stifle competition and create a monopoly in violation of the federal Antitrust Laws, including the Sherman Act, and that OBWB is guilty of inequitable conduct that precludes it from asserting in good faith any claims to exclusive rights or property rights to replicated New York water.

## **PRAYER FOR RELIEF**

WHEREFORE, Mamma Mia's requests this Court to:

A. Enter judgment against OBWB and in favor of Mamma Mia's for the violations alleged in this Amended Complaint;

B. Order OBWB to pay a civil monetary fine of up to $500.00 per false advertising "offense", including the sale of each article or product in connection with its false designations in advertisements, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

C. Declare this case to be exceptional and/or otherwise award attorneys' fees and costs;

D. Enter a declaratory judgment that Mamma Mia's may use its water treatment apparatus and sell its food products despite OBWB's false claims as more fully alleged herein, and otherwise declare that OBWB's claims and conduct are unlawful;

E. Award Mamma Mia's its costs and other disbursements; and

F.  Grant Mamma Mia's such other and further relief as it may deem just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

Attorneys for Plaintiff

By: s/ John P. Kelly
John P. Kelly
THE KELLY LAW FIRM
2400 East Commercial Boulevard, Suite 211
Fort Lauderdale, FL  33308
(954) 568-5555
(954) 568-5553 fax
Florida Bar No. 284289
jkelly@businesslitigation.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing:

          By: s/ John P. Kelly
               John P. Kelly, Esquire
               The Kelly Law Firm
               Coastal Tower, Suite 211
               2400 E. Commercial Boulevard
               Fort Lauderdale, Florida 33308
               (954) 568-5555
               (954) 568-5553 fax
               jkelly@businesslitigation.com

SERVICE LIST
Mamma Mia's Trattoria, Inc., a Florida corporation v.
The Original Brooklyn Water Bagel Co., Inc.,
Case No. 10-81106-CIV–RYSKAMP/VITUNAC
United States District Court, Southern District of Florida

**Eric Lee**
Lee & Amtzis, PL
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 (fax)
lee@leeamlaw.com
Attorneys for Defendant
*Electronic notice to be generated by CM/ECF*

**Ira Marcus, Esq.**
Ira Marcus, P.A.
1313 S. Andrews Avenue
Fort Lauderdale, FL 33316
(954) 523-9696
(954) 523-3858 (fax)
Attorneys for Defendant
*Electronic notice to be generated by CM/ECF*